UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 1:03-CR-159 |
| | § | |
| FRANK HAZARD | § | |

**REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT
OR SUMMONS FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed May 17, 2006, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

**I.  The Original Conviction and Sentence**

Defendant was sentenced on February 26, 2004, before The Honorable Ron Clark, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of making a false statement to a licensed firearms dealer, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The

guideline imprisonment range, based on a total offense level of 12 and a criminal history category of V, was 27 to 33 months.  Defendant was subsequently sentenced to 30 months imprisonment followed by three years supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare; mental health aftercare; and a $100 special assessment.

## II.  The Period of Supervision

On July 14, 2005, defendant completed his period of imprisonment and began service of the supervision term.

## III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on May 17, 2006.  The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall refrain from any unlawful use of a controlled substance. |
| Standard Condition (2): | Defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days each month. |
| Standard Condition (6): | Defendant shall notify the probation officer ten days prior to any change of residence or employment. |

As grounds, the petition alleges that defendant submitted an urine specimen on April 17, 2006, which tested positive for cocaine, and the U.S. Probation Office verified on May 11, 2006, that defendant no longer resided at his residence and his sister had no knowledge of his whereabouts.  In addition, defendant has allegedly failed to submit a written monthly report since March 2006.

### IV.  Proceedings

On August 1, 2006, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release.  If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement that defendant would plead "true" to the allegation that he violated a standard condition of supervised release by failing to notify his probation officer ten days prior to any change of residence.  In exchange, the court would revoke defendant's supervised release and impose twelve (12) months imprisonment with no supervised release thereafter.  Further, the government agreed to decline to proceed with remaining alleged violations of supervised release conditions.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a standard condition of supervised release by failing to notify his probation officer ten days prior to any change of residence.  The court announced that this

violation is a Grade C violation, with policy guidelines suggesting 7 to 13 months imprisonment.

### V. Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision. The original offense of conviction was a Class C felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is two years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a standard condition of supervised release by failing to notify his probation officer ten days prior to any change of residence, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of V, the guideline imprisonment range is 7 to 13 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**Findings:**

Defendant pleaded "true" to the allegation that he violated a standard condition of supervised release by failing to notify his probation officer ten days prior to

any change of residence. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated a condition of supervised release in the manner alleged in the petition. Defendant's violations are Grade C violations with policy guidelines suggesting 7 to 13 months imprisonment upon revocation.

**Conclusion:**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by failing to notify his probation officer ten days prior to any change of residence. As such, incarceration appropriately addresses defendant's violation.

## RECOMMENDATIONS

1. The court should find that defendant violated a standard condition of supervised release, by failing to notify his probation officer ten days prior to any change of residence, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of twelve (12) months with no supervised release thereafter.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to

revocation of supervised release as recommended herein. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __4__ day of August, 2006.

_____
Earl S. Hines
United States Magistrate Judge